

**CLERK, U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed November 20, 2021**

_____
United States Bankruptcy Judge
_____

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| **In re:** | § | |
| | § | **Case No. 21-31100-sgj11** |
| **THE KINGSLEY CLINIC, PLLC, AND** | § | |
| **THE LILLY PROJECT, INC.,** | § | **Chapter 11 (Subchapter V)** |
| | § | |
| Debtors. | § | **Jointly Administered** |

### FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER
### UNDER 11 U.S.C. § 1191 CONFIRMING DEBTORS'
### SECOND AMENDED JOINT PLAN OF REORGANIZATION

WHEREAS, on September 21, 2021, the Kingsley Clinic, PLLC ("Kingsley"), and the Lilly Project, Inc. ("Lilly," and collectively with Kingsley, the "Debtors"), the debtors and debtors-in-possession in the above-referenced case, filed their *Second Amended Joint Chapter 11 Plan of Reorganization for the Kingsley Clinic, PLLC and the Lilly Project, Inc.* [Docket No. 73] (the "Plan")[1]; and

---

[1]    All terms not otherwise defined herein shall have the same meaning ascribed to them in the Plan.

**FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER UNDER 11 U.S.C. § 1191 CONFIRMING DEBTORS' SECOND AMENDED PLAN OF REORGANIZATION - Page 1**

WHEREAS, on September 21, 2021, this Court entered its *Order Setting Plan Related Deadlines and Hearing on Confirmation (Small Business Debtor – Subchapter V)* [Docket No. 74] (the "Confirmation Scheduling Order"), setting forth procedures for soliciting approval of the Plan, and setting deadlines for objections to and voting on the Plan; and

WHEREAS, on September 23, 2021, in accordance with the Confirmation Scheduling Order, the Debtors caused the Second Amended Plan, Confirmation Scheduling Order, and a ballot for voting to accept or reject the Plan (the "Solicitation Package") to be transmitted to holders of Claims in all Classes of the Debtors; and

WHEREAS, prior to the Confirmation Hearing, the Debtors filed and served on October 27, 2021 a *Notice of Supplement to Second Amended Chapter 11 Plan* [Docket No. 79] (the "Plan Supplement"), which provided updated 12-month financial projections for the Debtors; and

WHEREAS, pursuant to Bankruptcy Code section 1128(a) and in accordance with the Confirmation Scheduling Order, the Court held a hearing on November 3, 2021 to consider confirmation of the Plan (the "Confirmation Hearing"); and

WHEREAS, no written objections to the Plan were filed and served prior to October 29, 2021, as directed by the Confirmation Scheduling Order; and

WHEREAS, the Court has received and considered certain evidence in support of confirmation (including but not limited to, proffers, testimony, declarations, ballot summaries, financial projections, liquidation analyses, and argument by counsel);

NOW, THEREFORE, based upon the Court's review and consideration of (i) the Plan; (ii) the Plan Supplement; (iii) the submissions previously filed with the Court; (iv) the record of the Confirmation Hearing (including all of the evidence proffered or adduced at the hearing, any

declarations, pleadings, briefs, memoranda, stipulations, and other submissions filed in connection therewith, and the arguments of counsel made at the Confirmation Hearing); and (v) the record in these jointly administered Subchapter V Cases; and after due deliberation thereon, and good cause appearing therefore,

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

**THE COURT FINDS AND CONCLUDES THAT:**[2]

**Jurisdiction and Notice**

  A. <u>Findings and Conclusions</u>. The findings and conclusions set forth herein and in the record of the Confirmation Hearing, including but not limited to the findings of the Court made on the record at the Confirmation Hearing, constitute the Court's findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure, as made applicable herein by Federal Rules of Bankruptcy Procedure 7052 and 9014. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusion of law constitute findings of fact, they are adopted as such.

  B. <u>Jurisdiction, Venue, Core Proceeding - 28 U.S.C. §§ 157(b)(2) and 1334(a)</u>. The Court has jurisdiction over this joint subchapter V Case pursuant to 28 U.S.C § 1334. Confirmation of the Plan is a core proceeding under 28 U.S.C. 157(b)(2)(L), and this Court has jurisdiction to determine whether the Plan complies with the applicable provisions of the Bankruptcy Code and should be confirmed. The Debtors are eligible debtors under section 109(d) of the Bankruptcy Code. Venue is proper under 28 U.S.C. §§ 1408 and 1409. The Debtors are proper Plan Proponents pursuant to the Bankruptcy Code.

---

[2] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. *See* Fed. R. Bankr. P. 7052.

**FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER UNDER 11 U.S.C. § 1191 CONFIRMING DEBTORS' SECOND AMENDED PLAN OF REORGANIZATION - Page 3**

C. <u>Chapter 11 Petitions</u>. On June 12, 2021 (the "Petitions Date"), the Debtors commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code, both electing to proceed under subchapter V (the "Subchapter V Cases"). The Debtors are authorized to continue to operate their businesses and manage their properties as debtors-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code. On June 28, 2021, the Court granted joint administration of the two Subchapter V Cases [Docket No. 33]. A subchapter V trustee, Katharine Battaia Clark, was duly appointed in each Subchapter V Case pursuant to section 1183 of the Bankruptcy Code. No statutory committee of unsecured creditors has been appointed in these jointly administered cases.

D. <u>Judicial Notice</u>. The Court takes judicial notice of the dockets of these jointly administered cases and the two separate dockets of the Subchapter V Cases maintained by the Clerk of the Court and/or its duly appointed agent, including all pleadings and other documents filed, all orders entered, and all evidence and arguments made, proffered, or addressed at the hearings held before the Court during the pendency of these Subchapter V Cases.

E. <u>Burden of Proof</u>. The Debtors, as Plan proponents, have the burden of proving eligibility for confirmation of the Plan under section 1191 of the Bankruptcy Code—and thereby the burden of proving by a preponderance of the evidence certain elements of Bankruptcy Code section 1129(a). The Debtors have met such burden.

F. <u>Transmittal and Mailing of Materials: Notice</u>. Due, adequate, and sufficient notice of the Plan, the Plan Supplement, and the Confirmation Scheduling Order, along with all deadlines for voting on or filing objections to the Plan, has been given to all known holders of Claims in accordance with the Bankruptcy Rules and the procedures set forth in the Confirmation Scheduling Order and further orders of the Court.

G. <u>Identification of Plan Proponents—Fed. R. Bankr. P. 3016(a)</u>. The Plan satisfies Bankruptcy Rule 3016(a) by identifying the date of the Plan and the proponents of the Plan.

H. <u>Solicitation and Transmittal of Solicitation Package</u>. The solicitation of votes to accept or reject the Plan and requests for consent to the treatment were solicited in good faith and in compliance with Bankruptcy Code section 1126, Bankruptcy Rule 3018, all other applicable provisions of the Bankruptcy Code, and all other rules, laws, and regulations. The Solicitation Package was transmitted to all creditors entitled to vote on the Plan, sufficient time was prescribed for such creditors to accept or reject the Plan, and the solicitation materials used and solicitation procedures followed comply with Bankruptcy Code section 1126, thereby satisfying the requirements of Fed. R. Bankr. P. 3018. All procedures used to distribute the Solicitation Packages to the applicable holders of Claims were fair and conducted in accordance with the Bankruptcy Code, the Bankruptcy Rules, and any other applicable rules, laws, and regulations.

I. <u>Notice of the Confirmation Hearing—Fed. R. Bankr. P. 2002</u>. The Debtors gave notice of the Confirmation Hearing, the deadline to accept or reject the Plan, and the deadline to object to the Plan in accordance with the Confirmation Scheduling Order. The Solicitation Package prescribed by the Confirmation Scheduling Order was transmitted to the creditors entitled to vote on the Plan in accordance with Fed. R. Bankr. P. 2002.

J. <u>Notice of the November 3, 2021 Hearing</u>. The Debtors gave proper notice of the Confirmation Hearing.

K. <u>Impaired Classes That Have Voted to Accept the Plan</u>. As evidenced by the record established at the Confirmation Hearing, at least one or more impaired Classes of each of the Debtors have voted to accept the Plan, as defined by sections 1124 and 1126 of the Bankruptcy Code.

L.  <u>Supplement To The Plan</u>.  The Plan Supplement, which provided updated 12-month financial projections, does not materially and adversely affect or change the treatment of any creditor who has not accepted such modifications.  Accordingly, under Fed. R. Bankr. P. 3019, this supplement/modification does not require re-solicitation of acceptances or rejections under Bankruptcy Code section 1126, nor does it require that holders of Claims be afforded an opportunity to change previously cast acceptances or rejections of the Plan.  Accordingly, pursuant to Bankruptcy Code section 1127 and Bankruptcy Rule 3019, all holders of Claims that have accepted or are conclusively deemed to have accepted the Plan are deemed to have accepted the Plan Supplement.

M.  <u>Bankruptcy Rule 3016(a)</u>.  The Plan reflects the date it was proposed and identifies the entities submitting it as Plan proponents, thereby satisfying Bankruptcy Rule 3016(a).

N.  <u>Plan Compliance with Bankruptcy Code – 11 U.S.C. § 1189</u>.  The Plan complies with 11 U.S.C. § 1189 because it was filed by the Debtors not later than 90 days after the order for relief under chapter 11.

O.  <u>Contents of Subchapter V Plan – 11 U.S.C. § 1190</u>.  In compliance with § 1190, the Plan includes: (1) a brief history of the business operations of the debtors, (2) a liquidation analysis, and (3) projections with respect to the ability of the Debtors to make payments under the proposed plan for reorganization.

P.  <u>Proper Classification—11 U.S.C. §§ 1122 and 1123(a)(1)</u>.  The Plan adequately and properly identifies and classifies all Claims for each Debtor.  Pursuant to 11 U.S.C. § 1122(a), the respective Claims placed in each Class for each Debtor are substantially similar to other Claims in each such Debtor's claims Class.  Pursuant to 1123(a)(1), valid business, factual, and legal reasons exist for separately classifying the various Classes of Claims created under the Plan for each

Debtor, and such Classes and the Plan's treatment thereof do not unfairly discriminate between Holders of Claims as against each Debtor. The Plan satisfies Bankruptcy Code sections 1122 and 1123(a)(1).

Q. <u>Specified Treatment of Impaired and Unimpaired Classes—11 U.S.C. §§ 1123(a)(2) and (3)</u>. Articles IV and V of the Plan specify the treatment of the Impaired Classes of Claims of each Debtor, thereby satisfying Bankruptcy Code section 1123(a)(3).

R. <u>No Discrimination—11 U.S.C. § 1123(a)(4)</u>. The Plan either provides the same treatment for each Claim within each respective Class for each Debtor or the Holder of a particular Claim or interest for each Debtor has agreed to a less favorable treatment of his/her/its particular Claim or interest, thereby satisfying Bankruptcy Code section 1123(a)(4).

S. <u>Implementation of the Plan—11 U.S.C. § 1123(a)(5)</u>. Article VI of the Plan provides adequate and proper means for implementing the Plan. Other articles of the Plan provide means for implementation of the Plan as well. For example, Article VII provides for the treatment of executory contracts and unexpired leases; Article VIII describes the process for resolving and treating disputed claims; and Article XI provides for the continuing jurisdiction over matters arising out of or related to these jointly administered subchapter V Cases and the Plan.

T. <u>Interests of the Creditors, Equity Interest Holders, & Public Policy—11 U.S.C. § 1123(a)(7)</u>. The Plan contains only provisions that are consistent with the interests of Creditors and Equity Interest Holders of each Debtor and with public policy with respect to the manner of selection of any officer, director, or trustee under the Plan and any successor to such officer, director, or trustee. The Debtors properly and adequately disclose the Reorganized Debtors' post-confirmation management in Section 3.3 of the Plan by stating that Reorganized Debtors shall

continue to be owned by their respective Holders of Equity Interests and will continue to be managed by Dr. James Kingsley. Consequently, Bankruptcy Code section 1123(a)(7) is met.

U. <u>Permissible Plan Provisions—11 U.S.C. § 1123(b)</u>. The Plan's provisions are appropriate and not inconsistent with the applicable provisions of the Bankruptcy Code.

V. <u>Impairment of Classes—11 U.S.C. § 1123(b)(1)</u>. In accordance with Bankruptcy Code Section 1123(b)(1), Articles IV and V of the Plan impairs or leaves unimpaired, as the case may be, each Class of Claims as to each Debtor under the Plan.

W. <u>Treatment of Executory Contracts and Unexpired Leases—11 U.S.C. § 1123(b)(2)</u>. The Plan constitutes a motion by the Debtors to assume all executory contracts and unexpired leases identified on the Schedule of Assumed Executory Contracts upon payment of the appropriate cure amount identified on such Schedule.

X. <u>Settlement of Claims—11 U.S.C. § 1123(b)(3)</u>. Articles IV and V and Section 6.5 of the Plan provide for various treatment of classes of claims, including the settlement of, or adjustments to, certain claims or interests belonging to the Debtors or to the Estates as allowed by Bankruptcy Code section 1123(b)(3).

Y. <u>Modify the Rights of Secured Creditors—11 U.S.C. § 1123(b)(5)</u>. Articles IV and V of the Plan modifies the rights of certain Secured Creditors of each Debtor who are Holders of Secured Claims and thus conforms to Bankruptcy Code section 1123(b)(5).

Z. <u>Additional Plan Provisions—11 U.S.C. § 1123(b)(6)</u>. Each of the provisions of the Plan are appropriate and not inconsistent with the applicable provisions of the Bankruptcy Code.

AA. <u>Satisfaction of Conditions – 11 U.S.C. § 1191(a)</u>. The Court finds that the Plan satisfies the relevant provisions of 11 U.S.C. § 1129(a) and, as a result, is a consensual subchapter

V plan as to each Debtor under 11 U.S.C. § 1191(a). With respect to the relevant provisions of 1129(a), the Court finds and concludes as follows:

 a. <u>11 U.S.C. § 1129(a)(1) and (a)(2).</u> The Plan and the Plan Proponents comply with the applicable provisions of the Bankruptcy Code, thereby satisfying Bankruptcy Code sections 1129(a)(1) and (a)(2).

 b. <u>11 U.S.C. § 1129(a)(3)</u>. The Debtors have proposed the Plan in good faith and not by any means forbidden by law, thereby satisfying Bankruptcy Code section 1129(a)(3). This Court has examined the totality of the circumstances surrounding the formulation of the Plan. Based upon the evidence presented at the Confirmation Hearing, the Court finds and concludes that the Plan has been proposed with the legitimate and honest purpose of effectively reorganizing the Debtors and maximizing the recovery to creditors in accordance with the priorities set forth in the Bankruptcy Code.

 c. <u>11 U.S.C. § 1129(a)(4)</u>. Any payments made or to be made by the Debtors for services or for costs and expenses in connection with this case have, or in connection with the Plan and incident to the Case, have been approved by, or are subject to the approval of, the Court as reasonable, thereby satisfying Bankruptcy Code section 1129(a)(4).

 d. <u>11 U.S.C. § 1129(a)(5)</u>. The Debtors have complied with Bankruptcy Code section 1129(a)(5) by disclosing at or before the Confirmation Hearing as required by the Plan the identity and affiliations of any individual proposed to serve, after confirmation of the Plan, as a director or officer of any of the Debtors.

 e. <u>11 U.S.C. § 1129(a)(6)</u>. No governmental regulatory commission has jurisdiction over rates of the Debtors after confirmation of the Plan. Thus, Bankruptcy Code section 1129(a)(6) is not applicable in these jointly administered subchapter V Cases.

 f. <u>11 U.S.C. § 1129(a)(7)</u>. The Plan satisfies Bankruptcy Code section 1129(a)(7). The Plan and evidence adduced at the Confirmation Hearing (i) are persuasive, credible and accurate as of the dates such evidence was prepared, presented, or proffered; (ii) have not been controverted by other persuasive evidence or have not been challenged; (iii) are based upon reasonable and sound assumptions; (iv) provide a reasonable estimate of the liquidation value of the Debtors' assets upon conversion to a chapter 7 proceeding; and (v) establish that each holder of a Claim in an impaired Class will receive or retain under the Plan, on account of such Claim, property of a value, as of the

Effective Date of the Plan, that is not less than the amount that it would receive if the applicable Debtors were liquidated under chapter 7 of the Bankruptcy Code on such date.

g. 11 U.S.C. § 1129(a)(8). With respect to each class of claims or interests, such class has accepted the Plan, or such class is not impaired under the Plan. The Plan does not does not discriminate unfairly, and is fair and equitable, with respect to each class of claims or interests that is impaired under, and has not accepted, the Plan.

h. 11 U.S.C. § 1129(a)(9). The treatment of Administrative Claims and Priority Tax Claims under the Plan satisfies the requirements of Bankruptcy Code sections 1129(a)(9)(A) and (C).

i. 11 U.S.C. § 1129(a)(10). At least one Class of Claims for each Debtor that is impaired under the Plan has accepted the Plan thereby satisfying Bankruptcy Code section 1129(a)(10).

j. 11 U.S.C. § 1129(a)(11). The Plan satisfies the feasibility requirement of section 1129(a)(11) of the Bankruptcy Code. Specifically, the Plan is not likely to be followed by liquidation or need for further reorganization. The Court analyzed the factors traditionally used by bankruptcy courts in this Circuit—(i) the debtor's capital structure, (ii) the earning power of the business, (iii) economic conditions, (iv) the ability of debtor's management, (v) the probability of continuation of management, and (vi) any other related matters—and found that the factors support a finding that the Debtors' Plan is feasible.

k. 11 U.S.C. § 1129(a)(12). All fees payable under 28 U.S.C. § 1930 on or before the Effective Date, as determined by the Court, have been paid or will be paid on the Effective Date pursuant to the Plan, thus satisfying the requirements of Bankruptcy Code section 1129(a)(12).

l. 11 U.S.C. § 1129(a)(13). The Debtors do not have any retiree benefits to be continued under the Plan. Thus, Bankruptcy Code section 1129(a)(13) is not applicable to the Debtors.

m. 11 U.S.C. §§ 1129(a)(14) & (15). The Debtors do not have any domestic support obligations and are not individuals, thus Bankruptcy Code sections 1129(a)(14) and (15) are not applicable.

n. 11 U.S.C. § 1129(a)(16). The Plan does not provide for the sale of any of the Debtors' property. Thus, Bankruptcy Code section 1129(a)(16) is inapplicable.

BB. <u>Satisfaction of Confirmation Requirements</u>. The Plan satisfies the requirements for confirmation set forth in Bankruptcy Code section 1191.

## DECREES

**ACCORDINGLY, THE COURT HEREBY ORDERS THAT:**

1. <u>Confirmation of the Plan</u>. The Plan, which includes any and all modifications or supplementations, including any modifications set forth on the record at the Confirmation Hearing, is **APPROVED** and **CONFIRMED** under Bankruptcy Code section 1191 in its entirety. The terms of the Plan are incorporated by reference into and are an integral part of this Confirmation Order.

2. <u>Modifications</u>.

    a. Sections 4.1 and 5.2 of the Plan are hereby amended to provide that the Tittle Law Group, counsel for the Debtors, has been paid approximately 60% of its fees through the interim compensation procedures set forth by this Court's July 23, 2021, *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals*[Docket No. 64]. Sections 4.1 and 5.2 are hereby amended to provide that, upon approval by the Court of a Final Fee Application, the Tittle Law Group shall receive the remaining approximately 40% of its fees through fifteen (15) monthly payments beginning on the Effective Date or as soon thereafter as such fees are approved by this Court. Additionally, Sections 4.1 and 5.2 of the Plan are hereby amended to provide that, upon application to and approval by the Court, the subchapter V Trustee shall be paid 60% of her approved fees, with the remaining 40% of her approved fees to be paid through fifteen (15)

monthly payments beginning on the Effective Date or as soon thereafter as such fees are approved by this Court.

    b.    Section 5.6 of the Plan is hereby amended to clarify that any reference to "Class 4 Claimants," of the Lilly Project, Inc. is a typo and instead is hereby amended to reflect "Class 5 Claimants" of the Lilly Project, Inc. This modification does not materially and adversely affect or change the treatment of any creditor who has not accepted such modifications. Accordingly, under Fed. R. Bankr. P. 3019, this modification does not require re-solicitation of acceptances or rejections under Bankruptcy Code section 1126, nor does it require that holders of Claims be afforded an opportunity to change previously cast acceptances or rejections of the Plan.

    3.    <u>Binding Effect of Plan</u>. Pursuant to 11 U.S.C. § 1141(a), except as provided in §§ 1141(d)(2) and (3), the provisions of the Plan as of the Effective Date, bind the Debtors, equity security holders, and any creditor, whether or not the claim or interest of such creditor or equity security holder is impaired under the Plan and whether or not such creditor or equity security holder has accepted the Plan.

    4.    <u>Re-vesting of Property</u>. Under 11 U.S.C. § 1141(b), except as otherwise provided in the Plan or in this Confirmation Order, as of the Effective Date, all of the property of the estate vests in the Reorganized Debtors. Except as provided in 11 U.S.C. §§ 11141(d)(2) and (3) and except as otherwise provided in the Plan or in this Confirmation Order, after confirmation of the Plan, the property dealt with by the Plan is held by the Reorganized Debtors free and clear of all liens, Claims, Causes of Action, interests, rights, security interests, and other encumbrances.

5. <u>Post-Confirmation Operation</u>. Except as otherwise provided in the Plan or in this Confirmation Order, on and after the Effective Date, the Reorganized Debtors may operate their businesses and may use, acquire, and dispose of property free of any restrictions of the Bankruptcy Code and Bankruptcy Rules and in all respects as if there were no pending case under any chapter or provisions of the Bankruptcy Code. The Reorganized Debtors are entitled to retain and compensate professionals without the necessity of further approval of this Court. Except as set forth in the Plan concerning objections to claims, the Reorganized Debtors may also settle or compromise any claims without Court approval.

6. <u>Injunction Against Interference with the Plan</u>. Pursuant to Section 10.4 of the Plan, upon the entry of the Confirmation Order, all Creditors and persons acting in concert with them are enjoined and restrained pursuant to section 105 of the Bankruptcy Code from taking any action to collect or enforce any Claim directly or indirectly against the Reorganized Debtors in any manner inconsistent with the terms contained in the Plan, unless expressly provided otherwise in the Plan.

7. <u>Plan Implementation Authorization</u>. Pursuant to the Plan, all necessary documents for the implementation of the Plan shall be executed by all necessary parties in interest on the Effective Date, unless an earlier date is provided by the Plan.

8. <u>Assumption or Rejection of Executory Contracts and Unexpired Leases—11 U.S.C. § 1123(b)(2)</u>. Pursuant to Article VII of the Plan, the executory contracts and unexpired leases identified on the Schedule of Assumed Executory Contracts attached to the Plan shall be assumed as of the Confirmation Date upon the payment of the cure amount identified in that Schedule.

9. <u>Rejection Damage Claims</u>. Pursuant to Section 7.3 of the Plan, any Claims based upon rejection of an executory contract or unexpired lease shall be forever barred and shall not be enforceable against the Debtors, unless a proof of claim is filed with the Bankruptcy Court within thirty (30) calendar days of entry of an order rejecting such contract or lease.

10. <u>Governmental Approvals Not Required</u>. This Confirmation Order shall constitute all approvals and consents required, if any, by the laws, rules, or regulations of any State or any other governmental authority with respect to implementation or consummation of the Plan and any documents, instruments, or agreements, and any amendments or modifications thereto, and any other acts referred to in or contemplated by the Plan and any documents, instruments, or agreements, and any amendments or modifications thereto.

11. <u>Exemption from Certain Taxes</u>. Pursuant to section 1146(c) of the Bankruptcy Code, any transfers contemplated by the Plan shall not be subject to any stamp, transfer tax, or similar tax.

12. <u>Resolution of Claims</u>. Except as otherwise ordered by the Court, any Claim that is not an Allowed Claim shall be determined, resolved, or adjudicated in accordance with the terms of the Plan. All objections to Claims shall be filed with the Court within ninety (90) days from the Effective Date, and a copy of the objection shall be served upon the Holder of the Claim to which the such objection pertains. Any request for an extension period to object to Claims need be served only upon the creditors involved, the subchapter V Trustee, and the United States Trustee.

13. <u>Reversal</u>. If any or all of the provisions of this Confirmation Order are hereafter reversed, modified, or vacated by subsequent order of this Court or any other court, such reversal, modification, or vacatur shall not affect the validity of the acts or obligations incurred or undertaken under or in connection with the Plan prior to the Debtors' receipt of written notice of

any such order.  Notwithstanding any such reversal, modification, or vacatur of this Confirmation Order, any such act or obligation incurred or undertaken pursuant to, and in reliance on, this Confirmation Order prior to the effective date of such reversal, modification, or vacatur shall be governed in all respects by the provisions of this Confirmation Order and the Plan or any amendments or modifications thereto.

14.     <u>Retention of Jurisdiction</u>.  Except as otherwise specified in the Plan, pursuant to Bankruptcy Code sections 105(a) and 1142, and notwithstanding the entry of this Confirmation Order or the occurrence of the Effective Date, the Court shall retain exclusive jurisdiction as provided in Article XI of the Plan.

15.     <u>Discharge of the Subchapter V Trustee</u>.  Under 11 U.S.C. § 1183, the service of the Subchapter V Trustee in the case shall terminate when the Plan has been substantially consummated, except that the United States trustee may reappoint a trustee as needed for performance of duties under § 1183(b)(3)(C) and § 1185(a).  Not later than 14 days after the Plan is substantially consummated, the Debtors shall file with the Court and serve on the Subchapter V Trustee, the United States trustee, and all parties in interest notice of such substantial consummation.

16.     <u>Notice of Entry of Confirmation Order</u>.  The Debtors shall serve notice of entry of this Confirmation Order pursuant to Bankruptcy Rules 2002(f)(7), 2002(j), 2002(k), and 3020(c) on all creditors, the subchapter V Trustee, the United States Trustee, the Internal Revenue Service, and other parties in interest, by causing notice of entry of this Confirmation Order to be delivered to such parties by first-class mail, postage prepaid.

17.     <u>Notice of Effective Date</u>.  Within five (5) Business Days following the occurrence of the Effective Date, the Reorganized Debtors shall file notice of the occurrence of the Effective

Date with the Bankruptcy Court and shall serve a copy of same on (a) the United States Trustee; (b) the subchapter V Trustee; and (c) the entities that have requested notice in this case pursuant to Bankruptcy Rule 2002.

18. <u>Reference to Plan Provisions</u>. The failure to specifically include or reference any particular provision of the Plan in this Confirmation Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that the Plan be confirmed in its entirety.

19. <u>Inconsistency</u>. In the event of an inconsistency between the Plan and any other agreement, instrument, or document intended to implement the provisions of the Plan, the provisions of the Plan shall govern unless otherwise expressly provided for in such agreements, instruments, or documents. In the event of any inconsistency between the Plan and any agreement, instrument, or document intended to implement the Plan and this Confirmation Order, the provisions of this Confirmation Order shall govern.

20. <u>Enforceability</u>. Pursuant to Bankruptcy Code sections 1123(a) and 1142(a) and the provisions of this Confirmation Order, the Plan and all plan-related documents shall apply and be enforceable notwithstanding any otherwise applicable non-bankruptcy law.

21. <u>Final Order</u>. This Confirmation Order constitutes a Final Order and no just cause exists for delay of this Confirmation Order.

22. <u>Administrative and Professional Fee Claims</u>. Except for Professional Claims, the deadline for filing all applications for payment of Administrative Claims shall be on or before thirty (30) days after the entry of this Confirmation Order. Except as expressly provided elsewhere in the Plan, any Administrative Claim filed after that date shall be deemed untimely filed and shall be disallowed. The deadline for objecting to such Administrative Claims is twenty-one (21) days

after a request for payment of such Claim has been filed and served upon counsel for the Debtors. The deadline for submitting applications for compensation for services rendered in this case pursuant to sections 327, 328, 330, 331, or 1103 (the "Professional Fee Claims") of the Bankruptcy Code prior to the Effective Date is sixty (60) days after the Effective Date.  The deadline to object to final fee applications shall be the twenty-first (21st) day after such fee application has been filed.

# # # END OF ORDER # # #

PREPARED AND SUBMITTED BY:

*/s/ Brandon J. Tittle*
Brandon J. Tittle
Texas Bar No. 24090436
**TITTLE LAW GROUP, PLLC**
5550 Granite Pkwy, Suite 220
Plano, Texas 75024
Telephone: 972.987.5094
Email: bittle@tittlelawgroup.com

**ATTORNEY FOR THE DEBTORS
AND DEBTORS-IN-POSSESSION**